IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COREY MILLEDGE,

    Petitioner,

vs.                                               Case No. 4:12cv555-MP/CAS

KENNETH S. TUCKER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On October 14, 2012, Petitioner Corey Milledge, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has paid the filing fee. Doc. 4.

Petitioner challenges his judgment and sentence entered July 30, 2008, by the Second Judicial Circuit, Gadsden County, Florida, following a jury trial. Doc. 1 at 1-2. Petitioner indicates on his § 2254 petition that appealed his judgment and sentence to the First District Court of Appeal (DCA) and that court issued a per curiam affirmance on April 5, 2010. *See id.* at 2. *See also* online docket for case number 1D08-3863 at www.1dca.org; Milledge v. State, 32 So. 3d 625 (Fla. 1st DCA Apr. 5, 2010) (table).

Petitioner also indicates that on November 1, 2010, he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 1 at 2. Petitioner indicates the state court denied his Rule 3.850 motion on January 6, 2012. *Id.* at 2-3. Petitioner appealed that denial and indicates his appeal, case number 1D12-3582, is still pending at the First DCA. *Id.* at 3. A review of the online docket for the First DCA confirms that Petitioner has pending there an appeal from a denial of a Rule 3.850 motion. *See* online docket for 1D12-3582 at www.1dca.org.

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971). Petitioner has not exhausted the remedies available

to him in the state courts because the appeal from the denial of his Rule 3.850 motion remains pending in the First DCA. Therefore, this case should be dismissed without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by COREY MILLEDGE pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED without prejudice** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2012.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**